IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **GUEY MING YEH and LI PING LIN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CASE NO.** |
| | § | |
| **SAFECO INSURANCE COMPANY OF INDIANA,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, Defendant Safeco Insurance Company of Indiana ("Safeco") files this *Notice of Removal*, hereby removing this action from the 429th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. Removal is based on diversity jurisdiction because there is complete diversity between Guey Ming Yeh and Li Ping Lin ("Plaintiffs") and Safeco, and the amount in controversy exceeds $75,000 exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged hail and wind damage to property located at 7508 Stoney Point, Plano, Texas 75025-6133 (the "Property"). Plaintiffs allege that Safeco breached a policy of insurance and breached a duty of good faith and fair dealing and violated certain provisions of Texas Insurance Code and Texas Deceptive

Trade Practices Act ("DTPA") by, among other things by, among other things, failing to pay Plaintiffs' claim for damages allegedly resulting from hail and wind.

On December 5, 2017, Plaintiffs filed their Original Petition in the 429th Judicial District Court of Collin County, Texas against Defendant. Safeco was served with a citation and a copy of Plaintiffs' Original Petition on December 11, 2017 through its registered agent for service of process. On December 27, 2017, the Parties entered into a Rule 11 Agreement extending Defendant's responsive pleading to Plaintiffs' Original Petition to January 12, 2018. Safeco filed its answer to Plaintiffs' Original Petition on January 9, 2017. This Notice of Removal is being filed within thirty (30) days of service of the Petition on Safeco and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

### A. DIVERSITY OF CITIZENSHIP

Plaintiffs, have alleged in their Original Petition that they are individuals residing in Dallas County, Texas. *See* Plaintiffs' Original Petition at ¶¶ 2, 3. Thus, for diversity purposes, Plaintiffs are citizens of Texas. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. For diversity purposes, Safeco is a citizen of Massachusetts and Indiana. Accordingly, there exists complete diversity of citizenship between Plaintiffs and Safeco.

**B. AMOUNT IN CONTROVERSY**

**1. *Standards***

In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *Wilson v. Allstate Ins. Co.*, 416CV00970ALMCAN, 2017 WL 1097213, at *2 (E.D. Tex. Mar. 3, 2017), report and recommendation adopted, 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017) (citing 28 U.S.C. § 1332(a)(1)). The Fifth Circuit follows a common sense approach to determine whether the defendant has met its burden with respect to the amount in controversy. *Id.* (citing *A&C Disc. Pharmacy, LLC v. Caremark LLC*, No. 3:16-CV-0264, 2016 WL 3126237 (N.D. Tex. June 3, 2016)). The removing party establishes the amount in controversy either (1) by showing that it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) introducing "summary judgment type evidence'" of facts in controversy that support a finding of the requisite amount. *Id.* Attorneys fees, treble damages, and statutory penalties may all be aggregated to determine the amount in controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)*; Plunkett v. Companion Prop. & Cas. Ins. Co.*, 1:15-CV-474, 2016 WL 8931300, at *4 (E.D. Tex. Apr. 8, 2016) ("An award of treble damages under the DTPA is considered part of the amount in controversy.").

***2. Here, the Amount in Controversy Exceeds $75,000.***

While Plaintiffs plead that they seek "monetary relief of $100,000.00 or less," Plaintiffs' Original Petition at ¶ 5, the amount in controversy exceeds $75,000. Plaintiffs' Petition states that Safeco estimated Plaintiffs' damages at $25,277.94, and alleges that Plaintiffs have been paid  The Petition, ¶ 13. The Petition then states that

Plaintiffs' public adjuster "estimated the loss for $45,989.15 before overhead profit," and that such estimate includes "reasonable and necessary items" for the repair of Plaintiffs' Property. Plaintiffs further plead for "pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages." The Petition, ¶ 54. The referenced estimate, however, attached hereto as **Exhibit A-1**, is actually for $61,446.95. The difference between Plaintiffs' estimate and Safeco's estimate is $36,169.01; when trebled, this amount comes to $108,507.03, well above the statutory threshold for removal.[1]

Additionally, attorney's fees in this matter would further add to the amount in controversy. An attorney's fees award of $85,000 was recently awarded in a case that similarly alleged violations of Chapter 541 of the Insurance Code, despite a finding of only $15,000 in damages for breach of contract. *See State Farm Lloyds v. Webb*, 09-15-00408-CV, 2017 WL 1739763 (Tex. App.—Beaumont May 4, 2017, pet. filed Aug. 18, 2017).[2]

Therefore, removal of this action is proper under 28 U.S.C. § 1441(a). This is a civil action brought in state court and this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a) due the diversity of citizenship between Plaintiff and Safeco and an amount in controversy in excess of $75,000.00.

---

[1] The equation is as follows:

| | | |
|---|---|---|
| | $61,446.95 | [Amt. of Plaintiffs' Estimate] |
| - | $25,277.94 | [Amt. of Safeco's Estimate] |
| | ***$36,169.01*** | *[Plaintiffs' alleged actual damages]* |
| x | 3 | [Trebled per Plaintiffs' Petition, pursuant to Tex. Ins. Code § 541.152] |
| | **$108,507.03** | [Amount in Controversy] |

[2] In that case, the Beaumont Court of Appeals overturned the attorney's fees award on appeal, but only because it did not find evidence of the underlying statutory violations (a determination that is itself the subject of a petition for review by the Texas Supreme Court).

## III.
## CONSENT TO REMOVAL UNNECESSARY

Safeco is the only defendant named in Plaintiffs' Original Petition; thus, no additional consent is needed for removal.

## IV.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule CV-81, filed concurrently with this Notice of Removal is a completed civil cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT A:** Supplemental Civil Case Cover Sheet – listing all parties in this case and the current status of the state court proceeding; listing of attorneys in this case, including each such attorney's bar number, address, telephone number and party represented; and the name and address of the state court from which this case is being removed;

- **EXHIBIT B**: A certified copy of the Register of Actions in the state court action; and

- **EXHIBITS C-1 – C-2**: A copy of each document filed in the state court action.

## V.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the 429thh Judicial District Court of Collin County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division. Safeco further requests all such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
JACKSON P. MABRY
State Bar No. 24078894

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: colin.batchelor@tb-llp.com
E-mail: jackson.mabry@tb-llp.com
**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on January 10, 2018, a true and correct copy of the above and foregoing instrument was served ***via facsimile or electronic service*** upon:

**ATTORNEYS FOR PLAINTIFFS**
Shaun W. Hodge
**THE HODGE LAW FIRM, PLLC**
2211 Strand, Ste. 302
Galveston, TX 77550
Phone: 409-762-5000
Fax: 409-763-2300

*/s/ Colin Batchelor*
COLIN BATCHELOR