# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GUEY MING YEH and LI PING LIN | § § § | |
| v. | § § | Civil Action No. 4:18-CV-00026<br>Judge Mazzant |
| SAFECO INSURANCE COMPANY OF INDIANA | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Safeco Insurance Company of Indiana's Motion to Dismiss Plaintiffs' Extra-Contractual Claims (Dkt. #9). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

### BACKGROUND

The above-referenced case arises out of a dispute between policyholders and their insurer regarding the extent of damages and amount of loss suffered to Plaintiffs Guey Ming Yeh and Li Ping Lin's (collectively, "Plaintiffs") property located at 7508 Stoney Point Drive, Plano, Texas 75025 (the "Property") (Dkt. #7 at p. 2). Defendant Safeco Insurance Company of Indiana issued a homeowners insurance policy to Plaintiffs effective August 29, 2013, through August 29, 2014 (the "Policy") (Dkt. #7, Exhibit 1). On or about April 3, 2014, the Property suffered damage due to storm-related conditions (Dkt. #7 at ¶ 10). Plaintiffs subsequently made a claim to Defendant for damage resulting from the storm.

On or about December 5, 2015, Defendant conducted an inspection on the Property and completed an estimate. Defendant's adjuster provided a replacement cost value ("RCV") estimate of $19,724.03 and Defendant made an actual cost value ("ACV") payment of $9,860.39.

Defendant later revised their RCV estimate to $25,277.94 and made a supplemental payment of $4,159.39 to Plaintiffs.

Plaintiffs retained a public adjuster, Cal Spoon ("Spoon"), who provided notice of his representation to Defendant on or about April 16, 2016. Spoon inspected and photographed the Property, and provided an estimate of the damages. Spoon estimated the amount of loss at $45,989.15 before overhead and profit. Spoon's estimate included estimated costs to replace or repair damaged items that were not included in the Defendant's estimate. To date, the Defendant has not agreed to include a number of items included in the public adjuster's estimate.

On August 28, 2017, Plaintiffs brought suit in Collin County, Texas state court contending that Defendant failed to adequately compensate it for damages to the Property, and seeking to recover damages based on the following claims: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act ("DTPA") and Tie-In Statutes, (3) violations of the Texas Insurance Code, (4) breach of the common law duty of good faith and fair dealing, and (5) unfair insurance practices (*see* Dkt. #1, Exhibit C-1). On January 10, 2018 Defendant removed the lawsuit to this Court (Dkt. #1). On February 20, 2018, Plaintiffs filed an Amended Complaint (Dkt. #7).

On March 12, 2018, Defendant filed its motion to dismiss (Dkt. #9). To date, Plaintiffs have not filed a response. Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. ***A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant*** and has no evidence to offer in opposition to the motion.

Local Rule CV-7(d) (emphasis added). Since no response was filed, the Court will assume that Plaintiffs do not controvert the facts set out in the motion.

## LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' extra-contractual claims under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "where the well-pleaded facts do not permit the court to infer more than a mere

possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 556)). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

Defendant also moves to dismiss Plaintiff's extra-contractual claims under Federal Rule of Civil Procedure 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must

4

"specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not reflect a subscription to fact pleading." *Grubbs,* 565 F.3d at 186 (quotations omitted). "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

# ANALYSIS

Defendant moves to dismiss Plaintiffs' extra-contractual claims, including Plaintiffs' claims for violations of the Texas Insurance Code, Plaintiffs' claims for violations of the DTPA, and Plaintiffs' claim for breach of the common law duty of good faith and fair dealing (*See* Dkt. #9).

## A. Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs allege that Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim. Texas law imposes on an insurer "a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.,* 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 340 (Tex. 1995)). If an insurer knew or should have known that it was reasonably clear that a claim was covered, it will be liable if it denies that claim. *Id.* Failure to reasonably investigate a claim can also constitute a breach of the duty of good faith and fair dealing. *Id.* Whether "a reasonable insurer under similar circumstances would have delayed or denied payment of the claim" is determined by an objective standard. *Id.*

For Plaintiffs to prevail on its bad faith claim, they must plead facts plausible to show that Defendant "commit[ted] some act, so extreme, that would cause injury independent of the policy claim" or failed "to timely investigate [Plaintiffs' claim.]" *Stoker,* 903 S.W.2d at 341; *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex. 1988); *see also United Servs. Auto. Ass'n v. Gordon,* 103 S.W.3d 436, 442 (Tex. App.—San Antonio 2002, no pet.). "[M]erely show[ing] a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

Plaintiffs have not pleaded any facts of an act by Defendant that is so extreme that it caused injury to Plaintiff independent of the Plaintiffs' claims under the policy (*see* Dkt. #7 at ¶¶ 6–18, 47–49). Plaintiffs do not offer any facts demonstrating how they suffered damages other than those that would have resulted from a wrongful denial of benefits covered by their insurance policy. The complaint merely shows that Defendant paid Plaintiffs under the policy, and that any further disagreement between the parties is a bona fide dispute as to the proper amount of payment for damage suffered by Plaintiff (Dkt. #7 at ¶¶ 6–18, 47–49). *See Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) (finding no extreme act where defendant had promptly paid plaintiffs even though plaintiffs alleged that defendant had undervalued their loss); *see also State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Nor do the pleaded facts support a claim that Defendant failed to timely investigate Plaintiffs' claim. To contrary, Defendant began its investigation two or three days after Plaintiffs notified Defendant of its claim (Dkt. #7, Exhibit 2 at p. 1). Plaintiffs fail to offer plausible facts to provide Defendant with "'adequate notice of the nature and grounds of the claim.'" *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 691 (E.D. Tex. 2009) (quoting *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000)). The Court, therefore, grants Defendant's motion to dismiss on Plaintiffs' claim for bad faith.

**B. Statutory Claims under the Texas Insurance Code and DTPA**

In Texas, an individual who has been damaged by "unfair method[s] of competition or unfair or deceptive act[s] or practice[s] in the business of insurance" may bring a cause of action under the Texas Insurance Code against the person or persons engaging in such acts or practices. Tex. Ins. Code § 541.151 (formerly codified as Tex. Ins. Code, art. 21.21); *see Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Crown Life Ins. Co. v. Casteel*,

22 S.W.3d 378, 382–83 (Tex. 2000). "The prohibited conduct includes 'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.'" *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 860–61 (5th Cir. 2003) (quoting Tex. Ins. Code § 541.151). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. Tex. Bus. & Comm. Code § 17.50(a); *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at *12 (E.D. Tex. Apr. 25, 2005); *see Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1357–58 & n.19 (5th Cir. 1993); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 135 (Tex. 1988).

Texas law holds that extra-contractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as a bad faith claim under a good faith and fair dealing violation. *O'Quinn v. Gen. Star Indem. Co.*, No. 1:13-CV-471, 2014 WL 3974315, at *8 (E.D. Tex. Aug. 5, 2014); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999); *Lawson v. Potomac Ins. Co. of Ill.*, No. 398-CV-0692H, 1998 WL 641809, at *4 (N.D. Tex. Sept. 14, 1998). "When an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either statutory claim." *O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *see Beaumont Rice Mill, Inc. v. Mid-Am. Indem. Ins. Co.*, 948 F.2d 950, 952 (5th Cir. 1991); *State Farm Fire & Cas. Co. v. Woods*, 925 F. Supp. 1174, 1180 (E.D. Tex. 1996).

In the present case, Plaintiffs' bases for asserting that Defendant violated Chapter 541 of the Texas Insurance Code and the DTPA arise out of the same factual allegations, and are essentially identical to Plaintiffs' bases for arguing that Defendant violated its common law duty of good faith and fair dealing. In fact, Plaintiffs' complaint does little to distinguish any of its

8

extra-contractual claims (*See* Dkt. #7 at ¶¶ 6–28, 35–46). Because the Texas Insurance Code and DTPA claims arise out of the same factual allegations as the bad faith claims, the Court finds that these statutory claims must also be dismissed. *See O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *Kondos*, 2005 WL 1004720, at *13.

In addition, Plaintiffs fail to plead sufficient facts to state a plausible claim that Defendant acted unreasonably in its handling of the claims. Specifically, Plaintiffs fail to plead any facts that would show that Defendant represented that the Policy conferred or involved rights or obligations that it lacked, or that Defendant failed to disclose information concerning any goods or service in support of her DTPA claims (*See* Dkt. #7 at ¶¶ 6–18, 50–53). Plaintiffs further fail to offer sufficient facts to support plausible DTPA claims that Defendant unreasonably delayed the investigation, adjustment, and resolution of its claim, that Defendant failed to properly investigate Plaintiffs' claim, or that Defendant hired and relied upon a biased adjuster to obtain a favorable report (*See* Dkt. #7 at ¶¶ 6–18, 50–53).

As to Plaintiffs' claims under Chapter 541 of the Texas Insurance Code, Plaintiffs fail to offer sufficient facts to state plausible allegations that Defendant engaged in false, misleading, or deceptive acts, that Defendant engaged in unfair claims settlement practices, or that Defendant misrepresented to it pertinent facts or provisions relating to the coverage at issue (*See* Dkt. #7). Nor do Plaintiffs assert sufficient facts to support its allegations that Defendant failed to act in good faith in effectuating a prompt and fair settlement within a reasonable time, that Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time, that Defendant refused to pay Plaintiffs' claims without conducting a reasonable investigation, or that Defendant failed to provide Plaintiffs with an explanation regarding any denial of the claim or offer a compromise settlement (*See* Dkt. #7 at pp. 7–9). Therefore, the Court finds that Defendant's

motion to dismiss should be granted as to Plaintiffs' claims of violations of the Texas DTPA and tie-in statutes, violations of Chapter 541 of the Texas Insurance Code, and unfair insurance practices.

## CONCLUSION

It is therefore **ORDERED** that Defendant Safeco Insurance Company of Indiana's Motion to Dismiss Plaintiffs' Extra-Contractual Claims (Dkt. #9) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiffs take nothing by their extra-contractual claims of breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and tie-in statutes, and unfair insurance practices, and that those claims should be **DISMISSED** with prejudice.

Only Plaintiffs' breach of contract and prompt payment claims, alleging that Defendant failed to pay Plaintiffs the benefits under the Policy to properly repair the Property, should proceed to trial.

**SIGNED this 18th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE